# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KHALIUNAA BAYARAA
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

BOLLING AFB CLEANERS, INC.
195 Chappie James Blvd.
Washington, DC 20032

MRS CLEANERS, INC.
6549 Little River Turnpike
Alexandria, VA 22312

CHANG BUM SON
a/k/a JOSEPH CHANG BUM SON
8202 Hillcrest Road
Annandale, VA 22003
    Defendants.

Civil Action No. _____

## COMPLAINT

1. Since May 2015, Defendant Chang Bum Son has employed Plaintiff to work at several different dry cleaners that he owns and operates through the corporate defendants. For most of this time, Defendants paid Plaintiff an hourly rate that was lower than the applicable minimum wage. For all of this time, Defendants did not pay Plaintiff overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and for Defendants' failure to pay minimum and overtime wages, in violation of the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and

the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Khaliunaa Bayaraa is an adult resident of Virginia.

6. Defendant Bolling AFB Cleaners, Inc. is a District of Columbia corporate entity. Its principal place of business is located at 195 Chappie James Blvd., Washington, DC 20032. Its resident agent for service of process is Chong Uk Chon. On information and belief, Chong Uk Chon's current address is 8202 Hillcrest Road, Annandale, VA 22003.

7. Defendant Mrs Cleaners, Inc. is a Virginia corporate entity. Its principal place of business is located at 6549 Little River Turnpike, Alexandria, VA 22312. Its resident agent for service of process is Chang Bum Son, 8202 Hillcrest Road, Annandale, VA 22003.

8. Defendant Chang Bum Son is an adult resident of Virginia. He resides at: 8202 Hillcrest Road, Annandale, VA 22003. He is an owner and officer of Defendants Bolling AFB Cleaners, Inc. and Mrs Cleaners, Inc. He exercises control over the operations of both Bolling AFB Cleaners, Inc. and Mrs Cleaners, Inc. — including their pay practices.

9. Under the direction of Chang Bum Son, both corporate Defendants are operated as one enterprise that shares resources.

10.     For example, clothing received at Bolling AFB Cleaners is sent to Mrs Cleaners for servicing.

11.     Additionally, even though Plaintiff currently works at the Bolling AFB Cleaners, she is paid with checks drawn from Mrs Cleaners, Inc.'s bank account.

**Factual Allegations Specific to Plaintiff Bayaraa**

12.     Plaintiff Bayaraa started to work for Defendants on May 4, 2015.

13.     As of the filing of this complaint, Plaintiff Bayaraa still worked for Defendants.

14.     Plaintiff Bayaraa took a brief maternity leave from March 28, 2016 through May 15, 2016.

15.     Plaintiff Bayaraa's job duties primarily consisted of working at the cash register, answering customer calls, and performing alterations.

16.     Initially, from approximately May 4, 2015 through approximately June 21, 2015, Plaintiff Bayaraa worked exclusively at Defendants' dry cleaners on Fort Myer (the "Fort Myer Dry Cleaners"). During this time, she typically and customarily worked 64 hours per week.

17.     On approximately June 22, 2015, Defendant Chang Bum Son assigned Plaintiff to work at Defendants' dry cleaners on Bolling Air Force Base (the "Bolling AFB Dry Cleaners").

18.     From approximately June 22, 2015 through August 23, 2015, Plaintiff Bayaraa worked Monday through Saturday at the Bolling AFB Dry Cleaners, and Sundays at the Fort Myer Dry Cleaners. During this time, she typically and customarily worked 58 hours per week at the Bolling AFB Dry Cleaners, and 6 hours per week at the Fort Myer Dry Cleaners.

19.     On approximately August 24, 2015, Defendant Chang Bum Son directed Plaintiff to work exclusively at the Bolling AFB Dry Cleaners. Since that time, she has typically and customarily worked 58 hours per week according to the following schedule:

3

|  | **Entry and Exit Time** | **Hours Worked** |
|---|---|---|
| Sunday | Off | |
| Monday | 9:00 a.m. - 7:00 p.m. | 10.00 |
| Tuesday | 9:00 a.m. - 7:00 p.m. | 10.00 |
| Wednesday | 9:00 a.m. - 7:00 p.m. | 10.00 |
| Thursday | 9:00 a.m. - 7:00 p.m. | 10.00 |
| Friday | 9:00 a.m. - 7:00 p.m. | 10.00 |
| Saturday | 9:00 a.m. - 5:00 p.m. | 8.00 |
| | | **58.0 HOURS** |

20. Excepting the period of her maternity leave, Plaintiff Bayaraa has always worked more than 40 hours per workweek for Defendants.

21. At all relevant times, Plaintiff Bayaraa has been paid by the hour.

22. Plaintiff Bayaraa has been paid the following hourly rates over the course of her employment:

| **Approximate Dates** | **Hourly Rates** |
|---|---|
| May 4, 2015 – Nov. 13, 2016 | $10.00 |
| Nov. 14, 2016 – Apr. 2, 2017 | $11.00 |
| Apr. 3, 2017 – present | $11.50 |

23. At all relevant times, Defendants paid Plaintiff Bayaraa the same regular rate across all hours worked.

24. Starting on April 3, 2017, Defendants paid Plaintiff Bayaraa an extra weekly "bonus" of $100.00 as compensation for not having received the minimum wage. For example, on May 6, 2017, Defendants paid Plaintiff Bayarra with two checks drawn on the account of Defendant Mrs Cleaners, Inc: 1) one check for $667.00, or Plaintiff's $11.50 hourly rate times 58 hours, and 2) a "bonus" check for $100.00.

25. Defendants did not pay Plaintiff Bayaraa overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of 40 in a workweek.

26. In addition to not paying overtime wages, Defendants typically did not pay Plaintiff Bayaraa the applicable minimum wage for her work in the District of Columbia.

27. The DCMWA required that employers pay non-exempt employees at least $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, and $11.50 per hour from July 1, 2016 through the present. D.C. Code § 32-1003(a).

28. Defendants owe Plaintiff Bayaraa approximately $12,426.88 in minimum and overtime wages.

29. At all relevant times, Defendants had the power to hire and fire Plaintiff Bayaraa.

30. At all relevant times, Defendants had the power to control Plaintiff Bayaraa's work schedule.

31. At all relevant times, Defendants had the power to supervise and control Plaintiff Bayaraa's work.

32. At all relevant times, Defendants had the power to set Plaintiff Bayaraa's rate and manner of pay. Moreover, Defendant Chang Bum Son typically signed Plaintiff Bayaraa's pay checks.

33. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff Bayaraa one and one-half times Plaintiff Bayaraa's regular rate for all hours worked in excess of 40 hours in any one workweek.

34. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff Bayaraa the applicable minimum wage.

35. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff Bayaraa all wages legally due to her.

36. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

37. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

38. Plaintiff Bayaraa incorporates the foregoing paragraphs as if fully restated herein.

39. Each defendant was an "employer" of Plaintiff Bayaraa within the meaning of the FLSA. 29 U.S.C. § 203(d).

40. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

41. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

42. Defendants violated the FLSA by knowingly failing to pay Plaintiff Bayaraa at least one and one-half times her regular hourly rate for hours worked in excess of 40 hours in any one workweek.

43. Defendants' violations of the FLSA were willful.

44. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

45. Plaintiff Bayaraa incorporates the foregoing paragraphs as if fully restated herein.

46. Each defendant was an "employer" of Plaintiff Bayaraa within the meaning of the DCMWA. D.C. Code § 32-1002(3).

47. The DCMWA required that employers pay non-exempt employees at least $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, and $11.50 per hour from July 1, 2016 through the present. D.C. Code § 32-1003(a).

48. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

49. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff Bayaraa.

50. Defendants violated the DCMWA by knowingly failing to pay Plaintiff Bayaraa at least one and one-half times her regular hourly rate for hours worked in excess of 40 hours in any one workweek.

51. Defendants' violations of the DCMWA were willful.

52. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff Bayaraa for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bayaraa respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $55,295.82, and grant the following relief:

    a. Award Plaintiff Bayaraa $49,707.52 for her work prior to May 14, 2017, consisting of the following overlapping elements:

      i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

b.      Award Plaintiff Bayaraa unpaid wages and damages for her work after May 14, 2017, in an amount to be determined at trial;

c.      Award Plaintiff Bayaraa pre-judgment and post-judgment interest as permitted by law;

d.      Award Plaintiff Bayaraa attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,188.30);

e.      Award Plaintiff Bayaraa court costs (currently, $400.00); and

f.      Award any additional relief the Court deems just.

Date: May 17, 2017                        Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*